IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| NOELLE MONDI,<br><br>        Plaintiff,<br>v.<br><br>TRUCKIN MOVERS CORPORATION;<br>and DOUGLAS CARLTON,<br>individually,<br><br>        Defendants. | Case No. _____<br><br>Jury Demand |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NOELLE MONDI, ("Plaintiff"), sues the Defendants, TRUCKIN MOVERS CORPORATION (hereinafter "the Company"), and DOUGLAS CARLTON, individually, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. as a result of unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

1. Plaintiff was an employee who worked for the Company from approximately March 2017 to November 2023 in Durham County, North Carolina.

2. Plaintiff worked for the Company as an hourly paid employee at an hourly rate of $18.00 per hour, working most recently in the position of an Office

1

Manager.

3. At all material times relevant to this Complaint, the Company is a North Carolina Corporation that operates and conducts business located at 1031 Harvest Street, Durham, North Carolina 27704-5217, where Plaintiff worked.

4. The Company operates as a full-service moving company for households and businesses worldwide, within Durham County, North Carolina. *See* https://truckinmovers.com/.

5. During Plaintiff's employment, the Company earned more than $500,000.00 per year in gross sales.

6. During Plaintiff's employment, the Company, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to telephones, computers, office equipment and supplies, trucking equipment, moving products, and other items which had travelled in interstate commerce.

7. Therefore, at all material times relevant to this action the Company is/was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8. At all times relevant to this action, Defendant, DOUGLAS CARLTON,

2

was an individual resident of the State of North Carolina, who owned and/or operated the Company, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees, and (c) control the finances and operations of the Company.

**Jurisdiction and Venue:**

9. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

10. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Overtime Violations**

11. At all times material to this cause of action, Plaintiff, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

12. Plaintiff worked over forty (40) hours per week on a regular basis – frequently working as many as 50-55 hours per week.

13. However, when Plaintiff worked overtime hours, she was paid her regular straight hourly wage instead of time and one-half her hourly wage.

3

Attached as *Exhibit A* is an example of Plaintiff's pay stub showing straight time being paid for hours worked in excess of forty (40) hours per week.

14. As a result of the improper common policies and practices, Defendants failed to properly pay Plaintiff for all hours worked in excess of forty (40) within a work week at the proper overtime rate.

15. Defendants violated the FLSA by failing to pay Plaintiff proper overtime compensation at a rate of time-and-one half the regular rate of pay for all hours worked over forty (40) in a week.

16. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

17. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

18. All conditions precedent to this action have been performed or waived.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through eighteen (18) above as though stated fully herein.

20. Plaintiff is/was entitled to be paid time and one-half her regular rate

of pay for each hour worked in excess of forty (40) per work week.

21. During her employment with the Company, Plaintiff was not paid complete overtime compensation for all overtime hours worked in violation of the FLSA.

22. Defendants did not have a good faith basis for its failure to pay Plaintiff full overtime compensation for each hour worked in excess of forty (40) per work week.

23. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

24. As a result of Defendant's willful violation of the FLSA, is entitled to liquidated damages.

25. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, NOELLE MONDI, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court

determines to be just and appropriate.

## Jury Demand

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 15th day of April 2024.

/s/ **Jean S. Martin**
Jean S. Martin, Esq.
North Carolina State Bar No. 25703
MORGAN & MORGAN, P.A.
COMPLEX LITIGATION GROUP
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 559-4908
E: jeanmartin@forthepeople.com
*Local Counsel for Plaintiff*


/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq. *(Pro Hac Vice Forthcoming)*
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E: RMorgan@forthepeople.com
*Attorney for Plaintiff*